**AFFIRM; and Opinion Filed June 27, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00875-CR

**BRYAN KEITH ROBINSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1253545-M**

## MEMORANDUM OPINION

Before Justices Fillmore, Evans, and Lewis
Opinion by Justice Fillmore

After the trial court denied Bryan Keith Robinson's motion to suppress evidence, he pleaded guilty to possession of four grams or more but less than 200 grams of cocaine. Pursuant to a plea bargain agreement, the trial court sentenced Robinson to fifteen years' confinement. In a single issue, Robinson contends the trial court erred by denying his motion to suppress because the State failed to show exigent circumstances to enter his home without a warrant. We affirm the trial court's judgment.

## Background

At the hearing on Robinson's motion to suppress, Dallas Police Officer Robin Rivera testified that he and his partner, Officer Travis French, responded to a report of drugs being sold at a house in South Dallas. As they drove up to the house, Rivera saw two men on the front

porch. Robinson was behind "a cage" on the front porch and Mr. Wallace[1] was on the outside of the cage. According to Rivera, Wallace had money in his hand and the two men appeared to be making a hand-to-hand drug transaction. When Rivera and French got out of their squad car, the two men were "very startled." As Rivera was approaching the porch, he noticed two "crack baggies" on the floor of the porch and smelled a "strong" odor of recently-smoked marijuana. Wallace tried to quickly walk away, and Robinson reached through the cage to the lock on the outside of the cage and tried to lock it with a key. The officers stopped Wallace and instructed him to sit on the porch. Robinson was unable to lock the cage, and he went into the house and slammed and locked the front door. Rivera kicked in the door and entered the house. When he did so, he saw Robinson sitting on a couch "trying to stuff a gallon size bag between the cushions."

French testified to a substantially similar version of events. In addition, French explained that as the officers approached the porch of the house, Robinson appeared to be "scared to death" and his eyes became very large. French also explained that the officers decided to enter the house to prevent the destruction of evidence based on the baggies of cocaine on the floor of the porch, the smell of freshly-smoked marijuana, and Robinson's actions of attempting to lock the cage door, retreating into the house, and slamming and locking the front door.

After hearing this and other evidence, the trial court denied Robinson's motion to suppress. Although the trial court did not file written findings of fact, it stated on the record its oral finding that Robinson created an exigent circumstance by trying to lock the cage door and by closing the front door. The trial court determined those actions by Robinson coupled with probable cause justified the officers' warrantless entry into Robinson's home.

---

[1] The record does not contain Wallace's first name.

**Discussion**

In his sole issue on appeal, Robinson maintains the trial court erred by denying his motion to suppress because the State failed to show imminent destruction of evidence based on affirmative conduct by Robinson. After reviewing the record, we disagree.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Turrubiate v. State*, 399 S.W.3d 147, 150 (Tex. Crim. App. 2013). We review the trial court's factual findings for an abuse of discretion, but review the trial court's application of the law to the facts de novo. *Id*. We give almost total deference to the trial court's determination of historical facts, particularly when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We give the same deference to the trial court's conclusions with respect to mixed questions of law and fact that turn on credibility or demeanor. *State v. Ortiz,* 382 S.W.3d 367, 372 (Tex. Crim. App. 2012). We review mixed questions of law and fact that do not turn on credibility and demeanor as well as purely legal questions de novo. *State v. Woodward*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011).

A trial court's findings of fact and conclusions of law are sufficient if they are recorded in some manner, whether written and filed by the trial court, or stated on the record at the hearing. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013). When the trial court makes specific findings of fact, we determine whether the evidence supports those findings. *Id.* As a general rule, we view the evidence in the light most favorable to the trial court's ruling and afford the prevailing party the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence. *State v. Duran*, 396 S.W.3d 563, 571 (Tex. Crim. App. 2013). We will uphold the trial court's ruling if it is reasonably supported by the

record and is correct on any theory of law applicable to the cause. *Turrubiate,* 399 S.W.3d at 150.

A police officer's warrantless entry into a residence is presumptively unreasonable. *See Kentucky v. King*, 131 S. Ct. 1849, 1856 (2011). When, as here, a defendant moves to suppress evidence based on a warrantless search, the State has the burden of showing that probable cause existed at the time the search was made and that exigent circumstances requiring immediate entry made obtaining a warrant impracticable. *Turrubiate*, 399 S.W.3d at 151. Probable cause exists when reasonably trustworthy circumstances within the knowledge of the police officer on the scene would lead him to reasonably believe that evidence of a crime will be found. *Id.* If probable cause exists, exigent circumstances may require immediate, warrantless entry by officers who are (1) providing aid to persons whom law enforcement reasonably believes are in need of it; (2) protecting police officers from persons whom they reasonably believe to be present, armed, and dangerous; or (3) preventing the destruction of evidence or contraband. *Id*. Robinson does not dispute the existence of probable cause in this case. Rather, his argument focuses on the third category of exigent circumstances, preventing the destruction of evidence or contraband. Thus, we limit our discussion to that category.

In determining whether prevention of the destruction of contraband justifies a warrantless exigent-circumstances search, courts consider whether, based on the entire record, the police officers reasonably believed the removal or destruction of contraband was imminent. *Id*. at 153. The record must show "proof of imminent destruction based on affirmative conduct by those in possession" of the contraband. *Id*. Courts also consider whether the possessors of the contraband were aware that police officers were "on their trail" and whether the evidence is readily destructible. *Id*.

Here, the record shows the police officers went to the home based on a tip that drugs were being sold from the house. When the officers arrived at the house, they saw what appeared to be a hand-to-hand drug transaction on the front porch. As they approached the porch, they noticed baggies of cocaine on the floor of the porch and smelled freshly-smoked marijuana. The officers also saw Robinson's affirmative conduct of attempting to lock the cage door, and slamming and locking the front door of the house. Under these circumstances, we conclude the officers could have reasonably believed Robinson was trying to destroy evidence. *See Pache v. State*, 413 S.W.3d 509, 513 (Tex. App.—Beaumont 2013, no pet.) (finding probable cause from drug tip and odor of marijuana from trailer, exigent circumstances from appellant opening door, seeing police officers and then running through residence). Accordingly, we conclude the trial court did not err by denying Robinson's motion to suppress. We resolve Robinson's sole issue against him.

We affirm the trial court's judgment.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130875F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRYAN KEITH ROBINSON, Appellant

No. 05-13-00875-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F-1253545-M.
Opinion delivered by Justice Fillmore,
Justices Evans and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 27th day of June, 2014.